## No. 311

### BOYER et v. FINK et

No. 19664.  Supreme Court

On motion to certify.  Dock. March 4, 1926; 4 Abs. 176.

**297.  CONTRACTS—Does a double agency, (54) which fact is unknown to one of the principals, which is responsible for inducing him to enter into a contract, relieve him from performance of the contract?**

This action was brought originally by Selig Fink and Mary Fink in the Summit Common Pleas against A. L. Boyer and Ella C. Boyer for specific performance of an alleged contract.

The petition alleges that on the 16th day of May, 1923, the Boyers entered into a written contract with the Finks for the sale of three business blocks and a residence property in Barberton, Ohio, and alleged that they agreed

to accept therefor the sum of $24,200 which was to be paid $500 in cash, $9,500 July 10th, 1923 and the balance of $14,200 secured by a first mortgage upon the said property.

The answer admits the ownership of the premises but denies that they sold the premises to the Finks for the sum of $24,200, and alleged that one Tom Maloney, representing Paul Maloney, obtained the signatures of these plaintiffs in error to the alleged contract by fraud and misrepresentation in this to wit: that said Tom Maloney represented to the Boyers that they were to receive $34,200 instead of $24,200 as set forth in said contract; that said Paul Maloney by his agent Tom Maloney represented as agent both the plaintiffs in error and the defendants in error and that said Paul Maloney and Tom Maloney conspired with Selig and Mary Fink, to cheat these plaintiffs in error and obtain said property for $24,-200 instead of $34,200 which the said A. L. Boyer and Ella Boyer believed they were receiving for said premises. To this answer a reply was filed denying each and every allegation in said answer contained.

The case was submitted to one of the Judges of the Common Pleas and the court found on the issues joined in favor of the defendants, Boyers.

The cause was appealed and submitted to the Court of Appeals, mainly upon the transcripts of the evidence adduced in the Common Pleas Court. Some witnesses were inquired of in the Court of Appeals but their testimony was of slight importance in the decision of this case. The Court of Appeals found on the issues joined in favor of the Finks, and ordered specific performance and an accounting for rents and profits.

The testimony and an admission by Fink's attorney that "Tom Maloney is his agent," tended to show Maloney to be the agent of Fink.

Boyer in the Supreme Court, contends:

That the testimony clearly showed Maloney to be Fink's agent; and that by reason of the dual agency, the contract is not enforceable.

Attorneys—Burch, Bacon & Denlinger, and E. G. Staley, Akron, for Boyer et; Decker & Platt, Barberton, and Rockwell & Grant, Akron, for Fink et.